O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7951 AHM (ANx) | Date | February 16, 2010 |
|---|---|---|---|
| Title | JASON WORKMAN v. INTRACORP, L.A., *et al*. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

The Court has reviewed the declaration of Chance Gordon, Esq. that was filed on February 11, 2010. The declaration focuses on matters having nothing to do with this case and therefore the Court will not comment on them.

As to Mr. Gordon's references to the February 3, 2010 ruling, that ruling did not dismiss the claims against Countrywide with prejudice; it merely dismissed them without leave to amend. Furthermore, Mr. Gordon's declaration is entirely mistaken in citing to 28 U.S.C. § 1441(c). This case was not removed from state court.

The February 3, 2010 ruling stands in all respects. Given that Mr. Chance's declaration fails to establish why this case should not be dismissed for lack of prosecution, it is dismissed pursuant to Rule 41(b).

In reaching that decision, the Court makes the following findings, pursuant to *Amstead v. Dell, Inc.*, 2010 WL 396089 (9th Cir. 2010). (1) The plaintiffs' failure to respond to two separate motions was never adequately explained, much less justified. (2) The plaintiffs ultimately acknowledged the validity of those motions when their counsel appeared in court on January 27, 2010, pursuant to court order. Had plaintiffs and their counsel conducted themselves appropriately, the motions should not have been necessary in the first place. (3) The Court ordered plaintiffs to show cause why the case should not be dismissed and plaintiffs failed to respond timely. When they did respond, the response lacked merit. (4) The Court has a near-crushing docket and is forced to manage it efficiently. Plaintiffs' conduct prevented it from doing so, and likely would continue to prevent it. (5) The public has an interest in enabling this Court (and all courts) to be able to deal responsibly with matters that are appropriately before it. Dismissal is a

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7951 AHM (ANx) | Date | February 16, 2010 |
|---|---|---|---|
| Title | JASON WORKMAN v. INTRACORP, L.A., *et al*. | | |

responsible result here. (6) Although public policy favors disposition of cases on their merits, plaintiffs' stated intention to refile their non-arbitratable claims in state court will allow for such resolution. (7) Accordingly, there is no risk of prejudice.

The clerk is directed to close the file.

**JS-6**

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |